HOBERG, Respondent, vs. JOHN HOBERG COMPANY and others, Appellants.

*May 28—November 4, 1919.*

*Corporations: Purchase of other corporation: Distribution of stock: Ratification by stockholder: Remedy of dissenting stockholders: Equitable relief: Mistake of law.*

1. Where the defendant corporation purchased all the stock of the C. company so as to control its supply of raw material, but the proceedings by the stockholders of defendant which resulted in a distribution of the stock of the C. company to the stockholders were had under a mistaken supposition that the transaction when completed would leave defendant in control of the C. company, equity will grant relief to a stockholder who did not ratify the proceedings, there having been no dividend declared and the distribution being inimical to the interests of the defendant corporation.

2. A mistake of law does not always bar equitable relief.

3. The rights of creditors, the state, or third parties not being involved, it was within the power of the stockholders of the defendant corporation to make distribution to its stockholders of the shares of stock of the C. company which had been acquired by defendant, and no stockholder consenting thereto and participating therein and receiving his *pro rata* share can object on the ground that the act is *ultra vires*.

4. Where plaintiff, a stockholder in the defendant corporation, after discovering that the distribution to defendant's stock-

holders of the stock of the C. company was inimical to the best interests of defendant, tendered back the stock received by her, it is *held* that she had not ratified the distribution and was not estopped to maintain an action to compel a return of the distributed stock to the treasury of defendant.

ESCHWEILER and OWEN, JJ., dissent.

APPEAL from a judgment of the circuit court for Brown county: W. B. QUINLAN, Judge. *Reversed.*

This action was commenced by the plaintiff against the defendant corporation, the directors, and individual stockholders, to compel the return of the stock of the Crivitz Pulp & Paper Company to the treasury of the defendant corporation. The defendant corporation has a capital stock of $45,000, divided into 4,500 shares of the par value of $10 each. It is a family corporation and was organized in 1893 for the manufacture of tissue paper. It had been accustomed to purchase its raw material in the open market, but in the latter part of the year 1916 it proceeded to acquire a pulp mill, and for that purpose bought all of the stock from the stockholders of the Crivitz Pulp & Paper Company. The defendant company paid the individual stockholders of the Crivitz Pulp & Paper Company $230,500 for their stock, which was thereupon assigned to the defendant company; $80,250 was paid in cash, taken from the treasury of the defendant company, and $150,000 through a loan made by the defendant company. On November 7, 1916, at the time of the regular monthly meeting of the board of directors of the defendant company, there was also called a meeting of the stockholders of the defendant company. The minutes of the secretary do not show that any proceedings were had with reference to the stock of the Crivitz Pulp & Paper Company, five directors testifying that no such proceedings were had, three directors and the attorney of the company testifying that such proceedings were had. The trial court found that "on or about the 19th day of December, 1916, with direction from said *John Hoberg Company,* by its

directors, given November 7, 1916, and while said debt of $150,000 contracted as aforesaid by said *Hoberg Company* remained wholly unpaid, said Crivitz stock was distributed. among the stockholders of said *Hoberg Company* and certificates of stock in said Crivitz Pulp & Paper Company were issued to the defendants and to plaintiff, who were the stockholders of said *Hoberg Company,* in proportion to their holdings of stock therein."

The court further found that the distribution of the Crivitz Company stock was made without consideration either to the *Hoberg Company* or the Crivitz Company; that plaintiff is a woman without any particular business experience or knowledge of corporate organization; that when apprised of the situation she tendered back to the *John Hoberg Company* the twenty-eight shares of stock of the Crivitz Company which had been issued to her and demanded that the defendant company institute an action to compel the other stockholders to return to the treasury of the defendant company the shares of stock of the Crivitz Company so issued to them; that the "parceling out of said Crivitz stock to the individual stockholders of said *Hoberg Company* was and is inimical to the interests of said *John Hoberg Company* and counter to and destructive of the purpose for which said stock was acquired by said company, and the interests of said company and its stockholders are jeopardized and prejudiced by having said stock outstanding and require that said stock be returned to said company. The plaintiff did not ratify said distribution of said stock and is not estopped from bringing this action."

Plaintiff had judgment on the findings, from which judgment defendants appeal.

For the appellants there was a brief by *Martin, Martin & Martin,* and oral argument by *Joseph F. Martin* and *Gerald F. Clifford,* all of Green Bay.

For the respondent there was a brief by *John A. Kittell*

and *Greene, Fairchild, North, Parker & McGillan* of Green Bay, and oral argument by *Mr. Kittell* and *Mr. J. R. North.*
The following opinions were filed June 25, 1919:

ROSENBERRY, J.    Plaintiff contends that the judgment should be sustained on three grounds: (1) that the transaction by which the stock of the Crivitz Company was distributed to the stockholders of the defendant company was the result of the mistake of all parties concerned; (2) that the corporation had no power to declare a dividend payable in anything but money or its own stock; (3) that plaintiff is not estopped to bring this action and has not ratified the transaction which resulted in the distribution of the Crivitz Company stock.

While the trial court did not specifically find that the distribution of the stock of the Crivitz Company was the result of a mutual mistake, it did find that such distribution was inimical to the interests of the defendant company and counter to and destructive of the purpose for which the stock was acquired by the defendant company.    The meeting had under consideration how the stock of the Crivitz Company should be handled to carry out the object of the defendant company in purchasing it.    It appears without dispute that but two alternatives were presented to the stockholders of the defendant company with reference to the stock of the Crivitz Company: first, that the assets of the Crivitz Company should be conveyed to the defendant company and the Crivitz Company should cease to do business; and second, that the stock should be distributed *pro rata* to the stockholders of the defendant company so that the defendant company would in effect remain in control of the Crivitz Company.    That the defendant company as a corporation has lost control of the Crivitz Pulp & Paper Company is perfectly plain.

The provisions of sec. *1776a,* Stats., wherein it is pro-

vided that when one corporation holds stock in another the president of the holding corporation may be authorized to vote the stock of the corporation which it owns and that its directors may qualify as directors of such owned corporation, were not called to the attention of the plaintiff or other stockholders of the defendant company. The proceedings by the stockholders of the defendant company which resulted in the distribution of the stock of the Crivitz Company were consented to upon the mistaken supposition that the transaction when completed would leave the defendant company in control of the Crivitz Company.

It is said that equity, in the absence of fraud, cannot grant relief for a mistake of law. A mistake of law, however, does not always bar equitable relief. The rule has been stated thus:

"Where there is a mutual mistake, either of fact in the making of a contract, or of law or fact in the reduction of the contract to writing, the person injured thereby may have it reformed in equity in accordance with the truth, in the absence of facts or circumstances constituting a waiver of the remedy or an estoppel to the assertion of it." *Wis. M. & F. Ins. Co. Bank v. Mann,* 100 Wis. 596, 617, 618, 76 N. W. 777. See 10 Ruling Case Law, pp. 304–316, §§ 48–59.

In this case the stockholders had a common declared purpose; that was that the defendant company should acquire the Crivitz Company so as to control its supply of raw material. The stock of the Crivitz Company was purchased for that purpose. The arrangement entered into was made to effectuate that purpose. Through mistake the proceedings did not accomplish that purpose. There is no reason, under such circumstances, why equity should not grant relief to a stockholder of a corporation as well as in a like case in the making of a contract.

Sec. 1765, Stats., provides:

"Any corporation which has invested or may invest its net earnings or income or any part thereof in permanent

additions to its property or whose property shall have increased in value, may lawfully declare a dividend payable to stockholders upon its capital either in money or in stock to the extent of the net earnings or income so invested or of the said increase in the value of its property."

No dividend was declared in this case. No attempt was made to meet a dividend obligation by the transfer of the stock of the Crivitz Company. What actually took place was a distribution of the assets of the defendant company. There was no special meeting called for the purpose of making such distribution, but all of the stockholders of the company were present, participated in the proceeding, and assented thereto. No questions were raised involving the right of the state, creditors, or third parties to object. Under such circumstances we think it is within the power of the stockholders of a corporation to make such distribution of its assets as was made in this case. At least no stockholder consenting thereto and participating therein and receiving his *pro rata* share of the distributed assets can object thereto on the ground that the act is *ultra vires*.

The finding of the trial court to the effect that the plaintiff had not ratified the distribution and is not estopped from maintaining this action is in accord with the clear preponderance of the evidence. Almost immediately upon discovering the true character of the transaction in which she was a participant the plaintiff tendered back the stock which she had received and demanded of the officers of the defendant company that they bring an action to restore the distributed stock to the treasury of the defendant company. In the meantime the situation remained unchanged. She did nothing after discovering the mistake to ratify or confirm the transaction.

*By the Court.*—Judgment affirmed.

ESCHWEILER, J. (*dissenting*). It having been determined by the trial court that the stockholders of the *John Hoberg Company* did direct the distribution of the Crivitz

Company stock and by this court that such action was lawful, I can see no foundation in fact or law for the judgment herein. In what particular manner the holding of the Crivitz Company stock by the stockholders of the *Hoberg Company* rather than by the corporation itself is inimical to the best interests of the *Hoberg Company* is not pointed out. In either event the property of the Crivitz Company is subject to lawful control, disposition, or sale by the holders of the majority of the stock represented by the directors. It is immaterial whether such be directors and stockholders of the Crivitz Company or of the *Hoberg Company*. They are the same individuals.

The intention, impliedly at least, suggested by the judgment as having been present and controlling at the time of the purchase of the Crivitz Company stock with the funds of the *Hoberg Company*, that the Crivitz Company property should be held continually as a source of supply for the *Hoberg Company*, could not be perpetuated by any form of judgment either in a suit in the present form or by a stockholder of the *Hoberg Company* if there had been no such distribution. Being part of the assets of the *Hoberg Company* it could be lawfully disposed of in the lawful discretion of the directors, and the court would be powerless to interfere. Sec. 1775, Stats.; *Werle v. Northwestern F. & S. Co.* 125 Wis. 534, 540, 104 N. W. 743; *J. H. Lane & Co. v. Maple C. Mills*, 226 Fed. 692, 697.

There is no suggestion of a showing that anything is threatened to be done or intended to be done by the holders of the distributed stock of the Crivitz Company that would be harmful to the interests of the individuals concerned as stockholders in either company, and much less anything intended or threatened to be done by the holders of the Crivitz Company stock as it was distributed that could not lawfully be done by the same individuals holding the same proportionate interest in the *Hoberg Company*.

That the plaintiff herself might have been mistaken as to the effect of what was done would not of course be sufficient to grant her any relief. *Grant M. Co. v. Abbot,* 142 Wis. 279, 288, 124 N. W. 264. The court below did not find that there was any mutual mistake. It could not have been a mutual mistake of fact because the plaintiff and several others testified that there was no such action at all, others that there was, and the court found that there was such action taken at the meeting. It could hardly be a mutual mistake as to the law, for some at least of those interested understood that the effect of these proceedings would be to lawfully distribute the stock of the Crivitz Company among the stockholders of the *Hoberg Company,* and this court now holds that such action could be lawfully done, so they at least were not mistaken as to the legality of the transaction.

Finally, I think the plaintiff was completely estopped from getting the relief that has been granted to her. She participated in the meeting in which it was done, she signed a consent, with the others, as stockholders of the Crivitz Company recognizing their proportionate interest in the same and providing for the election of directors, and she participated in the election of directors, and by such directors her husband was elected manager of the Crivitz Company.

I think the judgment should be reversed and the action dismissed.

OWEN, J., dissents.

The following opinion was filed November 4, 1919:

PER CURIAM. The appellants move for a rehearing upon four grounds: 1. There was no finding of the trial court of any mistake of law on the part of the parties to this action. 2. The assumption by this court of the existence

of a mistake of law was contrary to a fair preponderance of the evidence.   3. The alleged mistake of law was not such as should be the basis for equitable relief.   4. The court erroneously assumed that the plaintiff at once brought action to compel a retransfer of this stock.

Upon a re-study of this case on the motion for a rehearing the court is of the opinion that the mandate should be modified to read as follows: The judgment appealed from is reversed and the case remanded, and if the plaintiff so elects there shall be a new trial upon the question of whether or not there was such a mutual mistake on the part of the parties to this action as would entitle the plaintiff to have the transfer of the stock of the Crivitz Pulp & Paper Company set aside or the stock retransferred to the *John Hoberg Company*.   If the plaintiff shall not, within sixty days from the filing of the *remittitur* in the trial court, elect to have a new trial, the complaint shall be dismissed.

ESCHWEILER, J., dissents.